IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-680-D

| | |
|---|---|
| NATALIE WOOD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| NORTH CAROLINA DEPARTMENT OF JUSTICE, et al., | ) ) ) ) |
| Defendants. | ) |

On December 2, 2024, Natalie Wood ("Wood" or "plaintiff") filed a pro se complaint [D.E. 1] and motion to proceed in forma pauperis [D.E. 2]. In her complaint, Wood names as defendants the North Carolina Department of Justice ("NCDOJ"), North Carolina Attorney General Jeff Jackson in his official capacity ("Jackson"),[1] Seth Dearmin ("Dearmin"), Kristen Bierline ("Bierline"), Kimberley D'Arruda ("D'Arruda"), Clint Minatee ("Minatee"), Kevin Anderson ("Anderson"), Rueben Young ("Young"), Frances Beckman ("Beckman"), Jasmine McGhee ("McGhee"), Magally Rodriguez ("Rodriguez"), and Tiffany Lucas ("Lucas") (collectively, "defendants"). See Compl. [D.E. 1] 1–4. Wood alleges various claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq., claims of race and sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., claims under the Whistleblower Protection Act of 1989 ("WPA"), 5 U.S.C. §§ 3202 et seq., and claims

---

[1] Wood's complaint names former North Carolina Attorney General Josh Stein ("Stein") as a defendant. Because Wood sues the North Carolina Attorney General in his official capacity, the court substitutes Stein for current North Carolina Attorney General Jeff Jackson. The clerk shall update the docket.

under North Carolina state law. See id. 5–6.

On February 3, 2025, defendants moved to dismiss Wood's complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) [D.E. 13] and filed a memorandum in support [D.E. 14]. See Fed. R. Civ. P. 12(b)(1)–(2), (6). On February 4, 2025, the court notified Wood of defendants' motion to dismiss and the consequences of failing to respond. See [D.E. 12]; Local Civ. R. 7.1(f). On February 25, 2025, Wood responded in opposition [D.E. 18]. As explained below, the court grants defendants' motion to dismiss.

I.

Wood is a black female. See Compl. 6. In May 2020, Wood transferred to the North Carolina Attorney General's Office to begin work as a Specialist I in a remote work position. See [D.E. 1-1] 1. Wood worked remotely until November 2021, when Wood alleges that defendants terminated her remote work position and required her to begin working in-office. See id. at 1. Wood, however, wished to continue working remotely because Wood's son is "special needs." Compl. 7. According to Wood, defendants permitted white employees to work remotely but required black workers to work in the office. See [D.E. 1-1] 1–2. Wood alleges that defendants lacked a nondiscriminatory reason for requiring black workers to work in the office. See id. Wood complained about these alleged practices to Human Resources at the NCDOJ. See Compl. 7.

On November 30, 2022, Wood filed a formal grievance concerning her workload and having to work in the office. See [D.E. 1-1] 2. Wood alleges that defendants began to harass, bully, and discriminate against Wood after she complained to Human Resources about her workload and not being allowed to work remotely. See Compl. 7; [D.E. 1-1] 1–2. Wood alleges that after she started the grievance process, "[she] was targeted and written up." Compl. 7.

2

Moreover, Wood alleges that defendants denied her request for accommodations under the FMLA to care for her son. See id. Wood also alleges that NCDOJ "blocked" Wood "from working" and asked Wood for "private[,] protected information" concerning Wood's son. Id.

On May 31, 2023, Wood filed a contested case in the North Carolina Office of Administrative Hearings ("OAH"). See 2023 OAH Order ("OAH Order") [D.E. 21-1] 2. In Wood's petition, Wood alleged that NCDOJ demoted her without just cause, failed to promote her, and underpaid her because of her race. See [D.E. 14] 2–3; OAH Order 2. Wood alleges that NCDOJ terminated her employment on September 1, 2023. See id.

On September 1, 2023, Wood filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on "race." [D.E. 1-1] 1. OAH stayed its action pending the EEOC's investigation. See [D.E. 14] 3. On August 30, 2024, the EEOC issued Wood a right to sue notice. See [D.E. 1-2].[2] On December 2, 2024, OAH granted summary judgment to NCDOJ on all claims. See OAH Order 2–6. Wood sought relief under North Carolina law, Title VII, the Fair Labor Standards Act, the WPA, and the FMLA. See id. In its summary judgment order, OAH found that Wood's petition failed "to raise a claim for dismissal without just cause or discrimination," and that Wood "present[ed] zero evidence of any loss of pay connected to any of the alleged employment actions" contained in Wood's petition. OAH Order 4. Additionally, OAH found that even if defendants demoted Wood without just cause, "[Wood] was subsequently dismissed on ground separate from and subsequent to her alleged demotion and from any other claims raise in [her] [p]etition." Id. at 5.

---

[2] Wood's complaint mistakenly states that the EEOC issued Wood a right to sue notice on August 30, 2023. See Compl. 7. Because August 30, 2023, predates Wood's initial EEOC charge, the court concludes that Wood's complaint contains a typographical error.

3

On December 2, 2024, Wood filed this action. See Compl. 1. Wood seeks $1,850,000 in damages. See id. at 8.

II.

Defendants move to dismiss Wood's complaint. See [D.E. 13]; Fed. R. Civ. P. 12(b)(1)–(2), (6). A motion to dismiss under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Fed. R. Civ. P. 12(b)(1). A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). When considering a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005) (quotation omitted); see Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). A plaintiff must establish that this court has subject-matter jurisdiction over her claims. See, e.g., Steel, 523 U.S. at 104; Evans, 166 F.3d at 647; Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). However, "when a defendant asserts that the complaint fails to allege sufficient facts to support subject[-]matter jurisdiction, the . . . court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged [in the complaint and any additional materials]." Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009).

Under Rule 12(b)(2), plaintiff must prove personal jurisdiction. See, e.g., Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993); Fed. R. Civ. P. 12(b)(2). If the court resolves a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, a plaintiff must

4

show a prima facie case of personal jurisdiction. Mylan Labs, Inc. 2 F.3d at 60. In deciding whether plaintiff has proven personal jurisdiction, the court "must draw all reasonable inferences arising from the [plaintiff's] proof, and resolve all factual disputes, in the plaintiff's favor." Id.; Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014).

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [her] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context specific task that requires the reviewing court to draw on judicial experience and common sense."

5

Iqbal, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not suffice. Id.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." Id. (quotation omitted); see Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). Additionally, a court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 677–83; Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

6

III.

Under Title VII, a person must file her EEOC charge within 180 days of each alleged discrete act of discrimination under Title VII. See, e.g., 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)–(3); Fort Bend Cnty., Texas v. Davis, 587 U.S. 541, 543–44 (2019); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109–15 (2002); EEOC v. Com. Off. Prods. Co., 486 U.S. 107, 110 (1988); Williams v. Giant Food Inc., 370 F.3d 423, 428 (4th Cir. 2004); Bryant v. Bell Atl. Maryland, Inc., 288 F.3d 124, 132 (4th Cir. 2002); Coleman v. Altec, Inc., No. 5:16-CV-954, 2018 WL 4289610, at *2 (E.D.N.C. Sept. 7, 2018) (unpublished); Young v. Onslow Water & Sewer Auth., No. 7:16-CV-259, 2018 WL 405975, at *4 (E.D.N.C. Jan. 12, 2018) (unpublished); Barcliff v. N.C. League of Muns., No. 5:10-CV-244, 2011 WL 3290578, at *2 (E.D.N.C. Aug. 1, 2011) (unpublished); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 539 (E.D.N.C. 2008); McDougal-Wilson v. Goodyear Tire & Rubber Co., 427 F. Supp. 2d 595, 606 n.3 (E.D.N.C. 2006). If a party fails to timely file an EEOC charge, the party "lose[s] the ability to recover for" that claim because the claim is not "actionable." Morgan, 536 U.S. at 110, 113. Only adverse employment actions "that took place within the timely filing period are actionable." Id. at 114; see Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618, 623–24 (2007), superseded by statute on other grounds, Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5; Williams, 370 F.3d at 428; Evans, 80 F.3d at 963; Coleman, 2018 WL 4289610, at *2; Young, 2018 WL 405975, at *4–5; Cooper v. Smithfield Packing Inc., No. 5:10-CV-479, 2011 WL 3207912, at *3 (E.D.N.C. July 27, 2011) (unpublished); Barcliff, 2011 WL 3290578, at *4; McDougal-Wilson, 427 F. Supp. 2d at 606 n.3. Moreover, a person also must file suit under Title VII within 90 days of receiving a right to sue notice from the EEOC. See 42 U.S.C. § 2000e-5(f)(1).

7

Defendants argue that Wood's Title VII claims are time barred because Wood failed to file her complaint within 90 days of receiving her right to sue notice from the EEOC. See [D.E. 14] 5–6. On August 30, 2024, the EEOC issued Wood a right to sue notice, and Wood had to file her complaint before November 28, 2024. See [D.E. 1-2] 1. Wood, however, did not file her complaint until December 2, 2024. See Compl. 1. Thus, Wood failed to meet the 90-day deadline.

The 90-day deadline is not jurisdictional. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Laber v. Harvey, 438 F.3d 404, 429 n.25 (4th Cir. 2006) (en banc). Moreover, the record does not warrant equitable tolling. See, e.g., Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Hallstrom v. Tillamook Cnty., 493 U.S. 20, 27 (1989); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). Accordingly, Wood's Title VII claims are untimely, and the court grants defendants' motion to dismiss Wood's Title VII claims. See Lassiter v. N. Carolina Cmty. Health Ctr. Ass'n, 367 F. Supp. 3d 435, 439 (E.D.N.C. 2019); Jones v. Se. Reg'l Med. Ctr., No. 7:18-CV-28, 2019 WL 97036, at *2 (E.D.N.C. Jan. 2, 2019) (unpublished).

Alternatively, Title VII's remedial schemes are "plainly tied to employer, rather than individual, liability." Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999). Title VII does not permit actions against individual defendants. See Baird, 192 F.3d at 472; Lissau, 159 F.3d at 181; Ward v. Coastal Carolina Health Care. P.A., 597 F. Supp. 2d 567, 569–70 (E.D.N.C. 2009); Lane v. Lucent Techs., Inc., 388 F. Supp. 2d 590, 595–96 (M.D.N.C. 2005); Hockaday v. Brownlee, 370 F. Supp. 2d 416, 421 (E.D. Va. 2004). Thus, the court grants defendants' motion to dismiss Wood's Title VII claims against the individual defendants.

As for Wood's North Carolina state-law claims, Wood's complaint names the NCDOJ, Jackson, and numerous individuals in Wood's NCDOJ chain of supervision. See Compl. 2–4. Wood sues the individual defendants in their official capacities. See id.

Defendants argue that sovereign immunity bars these claims. See [D.E. 14] 7–10. A Rule 12(b)(1) motion to dismiss for sovereign immunity under the Eleventh Amendment tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel, 523 U.S. at 89 (emphasis omitted). The court agrees with defendants that sovereign immunity bars Wood's North Carolina state-law claims against the individual defendants in their official capacities. See [D.E. 14] 7–10; Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429–30 (1997); Lane v. Anderson, 660 F. App'x 185, 195 (4th Cir. 2016) (per curiam) (unpublished); U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency, 804 F.3d 646, 650–51 (4th Cir. 2015); S.C. Dep't of Disabilities & Special Needs v. Hoover Universal, Inc., 535 F.3d 300, 303 (4th Cir. 2008) Ram Ditta ex rel. Ram Ditta v. Md. Nat'l Capital Park & Plan. Comm'n, 822 F.2d 456, 457–58 (4th Cir. 1987). Thus, the court lacks jurisdiction over Wood's state-law claims and grants defendants' motion to dismiss Wood's state-law claims.

To the extent Wood asserts a claim for FMLA interference, Wood "must demonstrate that (1) [she is] entitled to an FMLA benefit; (2) [her] employer interfered with the provision of that benefit; and (3) that interference caused harm." Roberts v. Gestamp W. Va., LLC, 45 F.4th 726, 732 (4th Cir. 2022) (cleaned up). "The FMLA provides no relief unless the employee has been prejudiced by the violation." Vannoy v. Fed. Rsrv. Bank of Richmond, 827 F.3d 296, 302 (4th Cir. 2016) (quotation omitted); see Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002). Thus, "an employer may avoid liability if it shows it would have taken the contested adverse

9

employment action regardless of the employee's FMLA leave." Roberts, 45 F.4th at 732–33; see Hannah P. v. Haines, 80 F.4th 236, 244 (4th Cir. 2023); Yashenko v. Harrah's NC Casino Co., 446 F.3d 541, 547 (4th Cir. 2006).

Wood's complaint vaguely alleges FMLA claims. See Compl. 7. Wood fails to plausibly allege FMLA claims. See Iqbal, 556 U.S. at 678–79; Giarratano, 521 F.3d at 302; Snipes v. Sw. Va. Reg'l Jail Auth., 350 F. Supp. 3d 489, 492–94 (W.D. Va. 2018); cf. Tarquinio v. Johns Hopkins Univ. Applied Physics Lab, ___ F.4th ___, 2025 WL 1748716, at *4–6 (4th Cir. June 25, 2025) (dismissing failure to accommodate claim under the ADA). Accordingly, the court grants defendants' motion to dismiss Wood's FMLA interference claim.

Alternatively, Wood's complaint vaguely indicates that she did not provide defendants with requested documentation concerning her son's special needs. See Compl. 7; [D.E. 18-2]. The FMLA entitles an employer "to request documentation to support a claim of illness." Sturdivant v. Geren, No. CIV.A. 1:09-CV-586, 2009 WL 4030738, at *7 (E.D. Va. Nov. 19, 2009) (unpublished), aff'd sub nom. Sturdivant v. McHugh, 450 F. App'x 235 (4th Cir. 2010) (per curiam) (unpublished); see 29 U.S.C. § 2613(b); Brown v. Trans World Airlines, 127 F.3d 337, 342–43 (4th Cir. 1997); Mezu v. Morgan State Univ., No. CIV.A. 9-2855, 2013 WL 3934013, at *5 (D. Md. July 29, 2013) (unpublished). Thus, Wood fails to plausibly allege an FMLA claim.

Wood appears to nominally assert a claim under the WPA but alleges no facts supporting this claim. See Compl. 5. The WPA, however, applies to federal employees. See, e.g., Couch v. City of Va. Beach, 768 F. Supp. 3d 741, 751 (E.D. Va. 2025); 5 U.S.C. § 2302(a)(2)(B). Thus, Wood fails to state a claim under the WPA, and the court grants defendants' motion to dismiss

10

Wood's WPA claim. See Iqbal, 556 U.S. at 678–79; Giarratano, 521 F.3d at 302; Fed. R. Civ. P. 12(b)(6).

Finally, claim preclusion bars the claims Wood asserted in her OAH petition and that the OAH resolved against her in its order of December 2, 2024. See, e.g., Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979); Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161–62 (4th Cir. 2008); Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004); Parks v. Petsmart, No. 5:13-CV-777, 2014 WL 11996387, at *2 (E.D.N.C. Feb. 12, 2014) (unpublished), aff'd, 577 F. App'x 210 (4th Cir. 2014) (per curiam) (unpublished).

## IV.

In sum, the court GRANTS defendants' motion to dismiss [D.E. 13] and DISMISSES WITHOUT PREJUDICE plaintiff's complaint [D.E. 1].

SO ORDERED. This 14 day of July, 2025.

JAMES C. DEVER III
United States District Judge